OPINION OF THE COURT
Laura Jacobson, J.
Claimants commenced two small claims actions against, respectively, Group Health Inc. (GHI) and Metropolitan Life *636 Insurance Company seeking reimbursement for visual therapy treatments provided to their infant daughter, Elana Jill Saxe. The cases were tried in seriatim and this judgment is rendered jointly for both cases.
Elana Jill Saxe was born prematurely on July 26, 1989 and as a result, suffers from several debilitating illnesses. Elana has been diagnosed with spastic quadriplegic cerebral palsy and has a significant visual disability which, it was determined, is cortical in nature. Claimants presented medical evaluations which confirm the fact that Elana has an apparent absence of visual following or visual behavior in a meaningful manner. The medical diagnosis advanced by the medical experts was that Elana had a combination of optic neuropathy with superimposed cerebral dysfunction.
In effect, Elana acted like she was blind because her brain could not process visual stimulation. All of the medical experts agreed that claimants’ daughter needed extensive visual stimulation therapy. Further, the experts agreed that the therapy could be provided by an individual(s) with training in special education of the visually impaired.
Accordingly, and pursuant to the direction of the medical experts, claimants retained the services of Linda Frankemolle, a certified and licensed teacher, who has a special expertise in the teaching and treatment of visually impaired children. Ms. Frankemolle is. certified by the Board of Education as a special education teacher of the blind and partially sighted in the public schools. The certification process for special education encompasses training for visual stimulation therapy. Exhibit No. 12 admitted into evidence at trial was a copy of Ms. Frankemolle’s State certification. The certificate contains the legend that it is "valid for service in the public schools”. There is no verbiage limiting the certification for use only in that kind of facility.
It is uncontroverted that the early intervention of visual stimulation therapy is a necessary service for claimants’ daughter. Claimants’ exhibit Nos. 11 and 13, a letter from the Jewish Guild For The Blind, confirms the fact that a certified special educator with the skills to teach visually impaired children can "achieve great strides in assisting a child to enhance residual vision.”
The claimants gave additional testimony which was substantiated by the witnesses and exhibits concerning the fact that because of poor physical health, Elana must receive the visual *637 stimulation instruction at home and not in an outside educational facility. Accordingly, Ms. Frankemolle provides visual stimulation services for Elana in the claimants’ home. Ms. Frankemolle presented clear and concise testimony concerning the services provided and the resulting improvement to Elana’s visual abilities.
Defendant GHI has refused to reimburse the claimant who has paid Ms. Frankemolle’s bills for services rendered to Elana. It is defendant’s position it will not reimburse claimant because Ms. Frankemolle is not licensed to render visual stimulation therapy and further because Ms. Frankemolle’s services can only be provided in a public school. Defendant Metropolitan Life refuses to pay because it claims that the visual stimulation therapy is not a covered medical service.
After the trial, both sides submitted briefs and letters in support of their respective positions. Although the trial was held on March 14, 1991, the last piece of correspondence from the parties was not received until several months later. After a review of all the letters, memoranda of law and the cases set forth therein, I hereby find on behalf of the claimants and against both of the defendants.
The defendant GHI’s claim that Ms. Frankemolle is not licensed or certified to render visual stimulation and is not acting within the scope of her license (NY City Comprehensive Benefit Plan § 1, ]f 8, at 3; § 2, j] 2, at 4) is not accurate, nor is it substantiated by the testimony. Ms. Frankemolle is certified as a teacher of the blind and partially sighted.. She gave uncontroverted testimony that part of her training before she was certified included work with children who were visually impaired. As such, Ms. Frankemolle was providing services within the scope of her license. Defendant’s determination not to pay for Ms. Frankemolle’s services is unwarranted in light of the fact that her certification is specifically directed toward those with sight problems. The fact that Ms. Frankemolle provides these services in claimants’ home as opposed to an outside facility, does not change the nature of the services provided. Nothing in Ms. Frankemolle’s certification requires her to provide her services in any special place. Her license allows her to provide services in the public schools, it does not mandate that the schools are the only area wherein those services can be provided. (In the same vein, an attorney who is duly admitted to practice in the courts of a State can certainly practice her/his trade at home or in an office without being accused of acting outside her/his license.)
*638 With respect to defendant’s contention that Ms. Frankemolle is not licensed to render visual stimulation therapy, that argument is also without merit. There is no such license in New York State. In any event, I determine that based on the credible uncontroverted testimony, Ms. Frankemolle’s certification is sufficiently broad to encompass the rendering of this service. Her training, education and experience uniquely qualify her for this position. Defendant’s attempt, in its April 16, 1991 letter to advise me of supplemental information not presented at trial, is rejected and will not be considered by me. It is axiomatic that the time to present testimony or to engage in cross-examination is at the trial.
Defendant Metropolitan Life Insurance Co.’s claim that Ms. Frankemolle’s services were not covered by their policy is contradicted by the medical authorizations admitted into evidence as exhibit Nos. 1, 3, 5, 6, 7, 8, 9 and 10. The services provided by Ms. Frankemolle are unequivocally medically necessary pursuant to the express directions of Dr. Ivan Bodis-Wollner, Dr. Joan Gold and Dr. Annemarie Greco. Accordingly, and pursuant to Tudor v Metropolitan Life Ins. Co. (143 Misc 2d 180 [1989]), defendant Metropolitan Life Insurance Company is liable to claimant.
Judgment for claimant David B. Saxe against Metropolitan Life Insurance Company in the amount of $1,670 plus costs, disbursements and interest from October 26, 1990.
Judgment for claimant Phyllis K. Saxe against Group Health Inc. in the amount of $1,625 plus costs, disbursements and interest from December 21, 1990. Since the defendants are coinsurers, the final amounts may vary since defendant GHI is the primary insurer and defendant Metropolitan Life is the secondary insurer. The total amount claimants shall receive shall not exceed the total charge incurred for the services provided.